OVERSTREET GRAIN COMPANY *v.* FORD.

Opinion delivered June 22, 1914.

CHATTEL MORTGAGES—SUFFICIENT DESCRIPTION—MULES.——A mortgage on two mules which described them as, "two black mules, two and four years old, the same being now in the possession of * * * W., * * *," *held,* when recorded, sufficient to put a purchaser of the mules upon notice of the mortgage.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*McNemer & McNemer,* for appellant.

1.  The description in the deed of trust, as against a third person, is not sufficiently definite. Kirby's Dig., § 5407; 6 Cyc. 1022; 52 Ark. 278; 57 *Id.* 152; 41 *Id.* 70; 43 *Id.* 350; 140 N. W. 401; 71 S. W. 713; 66 N. Y. S. 665; 7 Oh. St. 197; 7 Col. 426; 4 Pac. 45; 76 Ia. 553; 41 N. W. 310; 77 Ga. 365; 37 Ia. 374; 58 Miss. 126.

2.  A bond for costs should have been filed. Kirby's Dig., § § 959-61.

*J. P. Kerby,* for appellee.

The property was sufficiently described. 39 Ark. 394; 6 Cyc. 1022; note 25; 127 N. C. 508; 55 Ia. 421; 7 N. W. 675; 108 Mich. 114; 65 N. W. 604; 52 Ark. 278; 57 *Id.* 152; 54 Ark. 158; 51 *Id.* 410; 52 *Id.* 278; 42 Minn. 151; 43 N. W. 849; 66 Ala. 258; 7 Ind. App. 475; 34 N. E. 30; 26 Neb. 181; Jones on Chat. Mort. (2 ed.), § 54; 161 S. W. 183.

HART, J.  S. H. Ford, instituted this action in the chancery court against R. P. Wilson and the Overstreet Grain Company to foreclose a mortgage on two mules.

R. P. Wilson borrowed two hundred dollars from S. H. Ford, and on the 23d day of December, 1908, executed a mortgage to him on two black mules to secure this amount. The property is described in the mortgage as follows:

"The following lands and personal property, situated in the County of Columbia, and State of Arkansas, towit: Two black mules, two and four years old, the same being now in the possession of the party of the first part, R. P. Wilson; and also all of the cotton and corn which the said part.. of the first part shall make, or cause to be made, this year, in said county," etc.

The mortgage was filed for record in Columbia County on the 20th day of February, 1909. At the time of the execution of the mortgage, and at the time it was filed for record, Wilson resided in Columbia County, and had the mules in his possession there. At the time the mortgage was executed Wilson had two other black mules, but they were older than the ones described in the mortgage. In May, 1909, Wilson left his home in Columbia County, and moved to Little Rock, in Pulaski County, bringing the two mules described in the mortgage with him. Subsequently, he sold the mules to the Overstreet Grain Company, and the testimony shows that the grain company did not have any actual notice that the mules were mortgaged to Ford. One of the mules sold to the Overstreet Grain Company is admitted to be a black horse-mule, and its age corresponds to one of the mules described in the mortgage. The other mule purchased by the Overstreet Grain Company is a mare mule, whose age corresponds to the one described in the mortgage, but, according to the testimony introduced by the defendant, the color of the mule is dark bay. The testimony on the part of the plaintiff tends to show that this mule is a black mule, and that it is sometimes difficult to distinguish between the color of a dark bay mule and a black one. The chancellor found in favor of the plaintiff, and entered a decree of foreclosure. The defendant, Overstreet Grain Company, has appealed.

It is contended by counsel for the Overstreet Grain Company, the vendee of the mortgagor, that the mortgage is void as to it because the description of the property is too vague and indefinite; but we do not agree with them in this contention. In *Lightle* v. *Castleman*, 52 Ark. 278, it was held that a mortgage which describes the property as "one black mare mule, six years old, in the mortgagor's possession in White County," states facts by the aid of which third persons could identify the mortgaged property, and is a good description. The general rule is that the description is sufficient if it will enable a third person, aided by inquiries which the instrument itself suggests, to identify the property. Jones on Chattel Mortgages (2 ed.), § 54; 6 Cyc. 1022.

When the mortgage in question was executed, the mortgagor resided in Columbia County and had in his possession two black mules, two and four years old. It is true he had two other black mules at the time, but they were older than these two mules, and the Overstreet Grain Company could have readily ascertained these facts by making proper inquiries. The mortgage was executed in December, and at that time something was said about whether one of the mules should be described as a bay mule or a black one, and it was finally determined to describe it as a black mule. The witnesses for the Overstreet Grain Company say the mule was a bay mule, but they were testifying as to the color the mule appeared to be several years after the mortgage was given and at a different season of the year. It is well known that the shade of color between a dark bay mule and a black one is somewhat indistinct and that different persons might describe the color as one or the other. As above stated, if the Overstreet Grain Company had made inquiry they could have readily ascertained that the two mules which they were about to purchase from Wilson were the ones described in the mortgage. The mortgage itself put them on notice that Wilson had mortgaged to Ford two black mules, two and four years old, which at the time the mortgage was given were in

his possession in Columbia County, Arkansas, and any inquiry made would have shown that these were the only two mules of that age which he owned at the time. Therefore, we think that the description of the mules in the mortgage was sufficient to put the Overstreet Grain Company on notice by its record that the mules mortgaged were the same as those purchased; and this was all that was required. It follows that the decree must be affirmed.